# EXHIBIT A

1    MARCELO A. DIEGUEZ, ESQ.  (SBN: 221951)
     MELISSA NEWMAN AVILA, ESQ. (SBN: 286487)
2    OMRI A. BEN-ARI, ESQ.      (SBN: 291517)
     **DiEFER LAW GROUP, P.C.**
3    34204 Pacific Coast Highway
     Dana Point, California 92629
4    Telephone:   (951) 779-9609
     Facsimile:   (949) 691-3235
5    Email:       litigation@dieferlaw.com

6
     Attorneys for PLAINTIFF
7    SHERRIE HARRIS

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

12/5/2023 2:56 PM

By: Jocelin Acosta, DEPUTY

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                      **FOR THE COUNTY OF SAN BERNARDINO**
9

10   SHERRIE HARRIS, an individual,          ) CASE NO.: CIVSB2331698
                                             )
11                     PLAINTIFF,            )
                                             )        **COMPLAINT FOR DAMAGES**
12                                           )
            v.                               )
13                                           )    1.  **Discrimination in Violation of Cal.**
     J.B. HUNT TRANSPORT, INC., a Georgia)       **Gov. Code § 12940 et seq. (the**
14   Corporation, J.B. HUNT TRANSPORT,     )     **"FEHA");**
     LLC, a California LLC, and DOES 1      )  2.  **Retaliation in Violation of the FEHA;**
15   through 25, inclusive,                  )  3.  **Failure to Prevent Discrimination, and**
                                             )     **Retaliation in Violation of the FEHA;**
16                     DEFENDANTS.           )  4.  **Failure to Accommodate in Violation**
                                             )     **of the FEHA;**
17                                           )  5.  **Failure to Engage in the Good Faith**
                                             )     **Interactive Process;**
18                                           )  6.  **Discrimination and Retaliation in**
                                             )     **Violation of CFRA;**
19                                           )  7.  **Failure to Provide Meal Periods;**
                                             )  8.  **Failure to Permit Rest Periods;**
20                                           )  9.  **Failure to Pay Wages;**
                                             )  10. **Failure to Pay Minimum Wages;**
21                                           )  11. **Failure to Pay Overtime Wages;**
                                             )  12. **Waiting Time Penalties in Violation of**
22                                           )     **Lab. Code §§ 201-203;**
                                             )  13. **Unfair Competition Pursuant to Bus.**
23                                           )     **and Prof. Code § 17200 et seq. ; and**
                                             )  14. **Wrongful Termination in Violation of**
24                                           )     **Public Policy**
                                             )
25                                           )
                                                   **DEMAND FOR JURY TRIAL**
26

                                   - 1 -

**HERE COMES NOW** PLAINTIFF SHERRIE HARRIS (*hereinafter referred to as* "PLAINTIFF" and/or "Ms. Harris") in this FEHA wrongful termination and California Labor action, and alleges against DEFENDANT J.B. HUNT TRANSPORT, INC., DEFENDANT J.B. HUNT TRANSPORT, LLC (*hereinafter collectively referred to as* "COMPANY"), and DOES 1 through 25, inclusive (*hereinafter referred to as* "DOES"), all DEFENDANTS herein referred to collectively as the "DEFENDANTS," as follows:

## GENERAL ALLEGATIONS

1.      At all times mentioned herein, PLAINTIFF was and is a resident of the County of San Bernardino, State of California, and a dedicated and long- term employee of DEFENDANTS.

2.      PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned herein, DEFENDANT J.B. HUNT TRANSPORT, INC. is a Georgia Corporation and registered with the California Secretary of State under entity number 846571. DEFENDANT COMPANY is a large, nation-wide transportation and logistics company and has a substantial, continuous and systematic commercial activity, in the County of San Bernardino, State of California, and was the employer of PLAINTIFF.

3.      PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned herein, DEFENDANT J.B. HUNT TRANSPORT, LLC, is a California limited liability company registered with the California Secretary of State under entity number 202356616715. DEFENDANT COMPANY is a large, nation-wide transportation and logistics company and has a substantial, continuous and systematic commercial activity, in the County of San Bernardino, State of California, and was the employer of PLAINTIFF.

4.      At all times relevant herein, DEFENDANT COMPANY and DOES 1-25 were PLAINTIFF'S employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to PLAINTIFF on that basis.

5.      PLAINTIFF is ignorant of the true names and capacities of the DEFENDANTS

sued herein as DOES 1 through 25, inclusive, and therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named COMPANIES is responsible in some manner for the occurrences herein alleged, and such DEFENDANTS proximately caused PLAINTIFF'S damages as herein alleged.

6.     PLAINTIFF is informed and believes, and based thereon alleges, that at all times relevant herein, each DEFENDANT designated, including DOES 1 through 25, was the agent, managing agent, principal, owner, partner, joint venturer, representative, manager, servant, employee, and/or co-conspirator of each of the other DEFENDANTS, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each DEFENDANT designated herein.

7.     This action is brought pursuant to, among others, the California Fair Employment Practices Act, section 12940 et seq. of the Government Code, which prohibits discrimination, harassment, and retaliation against a person in the terms, conditions, or privileges of employment based on actual and/or perceived disability/medical condition.

8.     PLAINTIFF is informed, believes, and based thereon alleges that all times mentioned in this Complaint, COMPANY regularly employed five (5) or more persons bringing them as a DEFENDANT employer within the provisions of California Government Code § 12900 et seq., prohibiting employers or their agents from discriminating and retaliating against employees on the basis of actual and/or perceived medical condition, age, and request for accommodations.

9.     On November 28, 2023, PLAINTIFF filed, within three years of her termination and/or adverse employment action, a charge of discrimination and retaliation with the California Department of Civil Rights ("CRD") with respect to DEFENDANTS and under case No: 202311-22787429.     Likewise, on November 28, 2023, PLAINTIFF received a Notice of Case Closure and Immediate right to Sue Notice from the CRD with respect to each DEFENDANT (*collectively attached herewith* as **Exhibit A**).

## FACTUAL ALLEGATIONS

10.     On or about October 18, 2018, PLAINTIFF was hired by DEFENDANTS as a Commercial Driver, and she worked dutifully as a full-time, non-exempt employee, approximately 60 hours per week, until she was wrongfully terminated on October 25, 2023, while she was out on medical leave to treat her colon cancer.

11.     Plaintiff was a loyal and exceptional employee and received her "Five Year Anniversary" award shortly before her employment was terminated; she had previously earned multiple safety performance and achievement awards.

12.     PLAINTIFF was 59 years old at the time of her wrongful termination.

13.     Plaintiff's supervisors and managers were in their 30s, and preferred younger workers.

14.     Plaintiff is informed and believes she was replaced by a younger worker who did not have cancer.

15.     On or around February 14, 2023, PLAINTIFF was diagnosed with colon cancer, which is a medical condition under the California FEHA. Thereafter, Plaintiff notified Defendants of her medical condition.

16.     In or around March 2023, as an accommodation for her medical condition, Plaintiff requested from Defendants medical leave for her treatment plan of surgery and chemotherapy that was expected to take approximately one year.

17.     Around March 2023, Plaintiff requested CFRA.

18.     Plaintiff went out for her first surgery on or around April 2, 2023, and expected to begin her yearlong treatment plan.

19.     On October 25, 2023, Plaintiff was terminated while in the middle of cancer treatment and six months into her yearlong leave.

20.     Defendants could have kept her employed longer without it being an undue burden as they employed over 400 others in the San Bernadino are alone.

21.     Instead, Company utterly failed to engage in the good faith interactive process, failed to accommodate Plaintiff's request for medical leave, and wrongfully terminated her employment only six months into her one-year medical leave out of discrimination, retaliation,

- 4 -

and failure to prevent both.

22.     Due to her wrongful termination, Plaintiff lost her medical coverage in the midst of treatment, when she needed it most.

23.     PLAINTIFF'S termination was substantially motivated by PLAINTIFF'S disability, and/or engagement in protected activities, including requesting protected medical leave, protected CFRA leave, and/or engagement in protected activities. COMPANY is large and could have easily accommodated PLAINTIFF'S request for leave, but failed to do so due to discrimination and retaliation.

24.     DEFENDANTS failed to engage in the interactive process and failed to prevent retaliation and wrongful termination against PLAINTIFF due to her engagement in protected activities. DEFENDANTS' discriminatory animus is evidenced by the previously mentioned facts.

25.     Additionally, throughout her employment, Plaintiff was regularly required to work "off the clock." Specifically, she was required to continue working after she "clocked out" of her 12-hour shift. Accordingly, throughout Plaintiff's employment she worked approximately 4 hours per week that would have been overtime hours for no money at all, not minimum wage nor overtime premiums.

26.     Plaintiff was paid piecemeal an average of $1,000/week.

27.     Additionally, throughout PLAINTIFF'S employment, PLAINTIFF did not receive uninterrupted statutory 30-minute meal periods for days on which PLAINTIFF worked at least 5 hours, which was each of the five days per week that PLAINTIFF worked. Throughout PLAINTIFF'S employment, PLAINTIFF did not receive a second uninterrupted statutory 30-minute meal periods for days on which PLAINTIFF worked at least 10 hours.

28.     Moreover, throughout PLAINTIFF'S employment, PLAINTIFF was not permitted to, and not advised of PLAINTIFF'S right to take statutory 10-minute rest breaks for every four hours worked, or substantial portion thereof.

29.     DEFENDANTS' discrimination and retaliation has caused a severe deterioration in PLAINTIFF'S health, wellbeing, and overall stability, including insomnia, anxiety, and

- 5 -

depression.  DEFENDANTS' illegal actions have left PLAINTIFF physically, emotionally, and financially in disarray.  In doing so, DEFENDANTS acted with a willful and conscious disregard of PLAINTIFF'S rights.

30.    Consequently, PLAINTIFF has also suffered economic and emotional distress from her wrongful termination and DEFENDANTS' discriminatory conduct.

31.    DEFENDANTS' conduct has also caused severe financial hardship to PLAINTIFF.

### FIRST CAUSE OF ACTION
**(Discrimination in Violation of the FEHA)**
**Against ALL DEFENDANTS**

32.    PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all the preceding paragraphs of this Complaint.

33.    At all times herein mentioned, Government Code section 12940(a), the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on the DEFENDANTS.  This statute requires that the DEFENDANTS and any individual refrain from discriminating against an employee based on age, disability and/or medical condition, request for accommodations, and/or engagement in protected activities.

34.    PLAINTIFF was a member of multiple protected classes as a result of PLAINTIFF'S medical condition, perceived disability, request for accommodations, including protected CFRA leave, and/or engagement in protected activities, under California Government Code § 12940(a).

35.    At all times relevant hereto, PLAINTIFF was performing competently in the position PLAINTIFF held with DEFENDANTS; nevertheless, DEFENDANTS terminated PLAINTIFF'S employment because of her disability and/or medical condition, perceived disability and/or medical condition, request for accommodations, and/or engagement in protected activities.

36.    As a proximate result of the DEFENDANTS' willful, knowing, and intentional discrimination against PLAINTIFF, she has sustained and continues to sustain substantial emotional injuries, losses in earnings, and other employment benefits.

- 6 -

37.     As a proximate result of the DEFENDANTS' conduct, PLAINTIFF has suffered serious harm, including lost earnings and other employment benefits, humiliation, embarrassment, emotional distress and mental injury, including pain and suffering, all to her damage in an amount to be established at trial, but exceeding the jurisdictional limits of this court.

38.     The conduct of the DEFENDANTS and its agents/employees as described herein was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for PLAINTIFF'S rights. Consequently, PLAINTIFF is entitled to punitive and exemplary damages against the DEFENDANTS.

39.     PLAINTIFF also seeks declaratory and injunctive relief to prevent such discrimination in the future.

40.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

### SECOND CAUSE OF ACTION
#### (Retaliation Violation of the FEHA)
#### Against ALL DEFENDANTS

41.     PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all the preceding paragraphs of this Complaint.

42.     At all times herein mentioned, FEHA was in full force and effect and was binding on DEFENDANTS.   This requires that DEFENDANTS refrain from retaliating against an employee for engaging in protected activity.

43.     PLAINTIFF engaged in the protected activities requesting and exercising PLAINTIFF'S right to medical leave to undergo surgery related to her medical condition, as well as leave for recovering from surgery, and complaining about and protesting DEFENDANTS' discriminatory and harassing conduct towards PLAINTIFF based upon PLAINTIFF'S disability and/or medical condition, request for accommodations, including protected CFRA leave, and/or engagement in protected activities.

- 7 -

44.     PLAINTIFF suffered the adverse employment actions of unlawful discrimination, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

45.     PLAINTIFF is informed and believes that PLAINTIFF'S conduct of requesting medical leave as an accommodation for her medical condition of colon cancer, and/or exercising PLAINTIFF'S right to medical leave, complaining about and protesting about DEFENDANTS' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject PLAINTIFF to the aforementioned adverse employment actions.

46.     DEFENDANTS violated the FEHA by retaliating against PLAINTIFF and terminating PLAINTIFF for attempting to exercise PLAINTIFF'S protected rights, as set forth hereinabove.

47.     PLAINTIFF is informed and believes, and based thereon alleges, that the above acts of retaliation committed by DEFENDANTS were done with the knowledge, consent, and/or ratification of, or at the direction of, each other DEFENDANT and the other Managers.

48.     The above said acts of DEFENDANTS constitute violations of the FEHA and were a proximate cause in PLAINTIFF'S damage as stated below.

49.     The damage allegations of the previous Paragraphs, inclusive, are herein incorporated by reference.

50.     The foregoing conduct of DEFENDANTS individually, or by and through their officers, directors and/or managing agents, was intended by the DEFENDANTS to cause injury to the PLAINTIFF or was despicable conduct carried on by the DEFENDANTS with a willful and conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

51.     Pursuant to Government Code §12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**
**(Failure to Prevent Discrimination and Retaliation**
**in Violation of Government Code Section 12940(k))**
**Against ALL DEFENDANTS**

- 8 -

52.     PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all the preceding paragraphs of this Complaint.

53.     The DEFENDANTS have a statutory duty under California Government Code Section 12940, et seq., to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. Such steps include training employees regarding and adopting an anti-discrimination and anti-retaliation policy, and implementing those policies.

54.     The above said acts of DEFENDANTS constitute violations of the FEHA and were a proximate cause in PLAINTIFF'S damage as stated below.

55.     The damage allegations of the previous paragraphs, inclusive, are herein incorporated by reference.

56.     The foregoing conduct of DEFENDANTS individually, or by and through their officers, directors and/or managing agents, was intended by the DEFENDANTS to cause injury to the PLAINTIFF or was despicable conduct carried on by the DEFENDANTS with a willful and conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

57.     Pursuant to Government Code §12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION
**(Failure to Provide Reasonable Accommodations in
Violation of Gov't Code §§12940 et seq.)
Against ALL DEFENDANTS**

58.     PLAINTIFF re-alleges and incorporates by reference the previous paragraphs, inclusive, as though set forth in full herein.

59.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon DEFENDANTS. This subsection imposes an ongoing duty on DEFENDANTS to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

- 9 -

60.     At all relevant times, PLAINTIFF was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq., because PLAINTIFF had a disability, a physical condition that affected PLAINTIFF'S major life activities, and medical condition of which DEFENDANTS had both actual and constructive knowledge.

61.     Plaintiff requested the reasonable accommodation of time off for treatment of colon cancer of approximately one year.

62.     Defendants failed to accommodate Plaintiff and instead fired her while she was on her medical leave, when it would have been no undue burden to keep her employed.

63.     At all times herein, PLAINTIFF was willing and able to perform the duties and functions of the position in which PLAINTIFF was employed or could have performed the duties and functions of that position with reasonable accommodations.   At no time would the performance of the functions of the employment position, with a reasonable accommodation for PLAINTIFF'S disability or medical condition, actual or as it was perceived by DEFENDANTS, have been a danger to PLAINTIFF'S or any other person's health or safety.  Accommodation of PLAINTIFF'S disability, real or perceived, or medical condition, real or perceived by DEFENDANTS, would not have imposed an undue hardship on DEFENDANTS. DEFENDANTS failed and refused to accommodate PLAINTIFF'S disability, failed to engage in the interactive process with PLAINTIFF and continue to violate this obligation, up to and including the date of PLAINTIFF'S termination or, if DEFENDANT contends PLAINTIFF was never terminated, through the present and ongoing.

64.     The above said acts of DEFENDANTS constitute violations of the FEHA and were a proximate cause in PLAINTIFF'S damage as stated below.

65.     The damage allegations of the previous paragraphs, inclusive, are herein incorporated by reference.

66.     The foregoing conduct of DEFENDANTS individually, and/or by and through their officers, directors, and/or managing agents, was intended by the DEFENDANTS to cause injury to the PLAINTIFF or was despicable conduct carried on by the DEFENDANTS with a willful and conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights such as to constitute malice, oppression,

- 10 -

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

67.     Pursuant to Government Code §12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIRST CAUSE OF ACTION
**(Failure to Engage in A Good Faith Interaction Process in
Violation of Gov't Code §§12940 et seq.)
Against ALL DEFENDANTS**

68.     PLAINTIFF re-alleges and incorporates by reference the previous paragraphs, inclusive, as though set forth in full herein.

69.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon DEFENDANTS. This subsection imposes an ongoing duty on DEFENDANTS to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

70.     At all relevant times, PLAINTIFF was a member of a protected class within the meaning of, in particular, Government Code §§ 12940(a) & 12986(1) et seq. because PLAINTIFF had a physical disability that affected PLAINTIFF'S major life activities, and a medical condition of which DEFENDANTS had both actual and constructive knowledge.

71.     DEFENDANTS failed and refused to engage in the good faith interactive process to accommodate PLAINTIFF, including allowing her a protected medical leave of absence as a reasonable accommodation.

72.     The above said acts of DEFENDANTS constitute violations of the FEHA and were a proximate cause in PLAINTIFF'S damage as stated below.

73.     The damage allegations of the previous paragraphs are herein incorporated by reference.

74.     The foregoing conduct of DEFENDANTS individually, and/or by and through their officers, directors, and/or managing agents, was intended by the DEFENDANTS to cause injury to the PLAINTIFF or was despicable conduct carried on by the DEFENDANTS with a willful and

- 11 -

conscious disregard of the rights of PLAINTIFF or subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling PLAINTIFF to punitive damages in an amount appropriate to punish or make an example of DEFENDANTS.

75.     Pursuant to Government Code §12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION

**(Discrimination and Retaliation in Violation of California Family Rights Act "CFRA") Against ALL DEFENDANTS**

96.     PLAINTIFF, re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

97.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et seq. ("CFRA") was in full force and effect and was binding upon DEFENDANTS and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

98.     At all times hereto, PLAINTIFF was an employee eligible for CFRA leave. At all times hereto, PLAINTIFF had been employed by DEFENDANTS for more than 12 months and had worked at least 1250 hours during the previous 12 months. Further, DEFENDANTS

- 12 -

employed at least 50 employees within 75 miles of the worksite at which PLAINTIFF worked.

99.    PLAINTIFF notified DEFENDANTS of her disability and medical condition in March of 2023.

100.    Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

101.    Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

102.    Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

103.    Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination and termination.

104.    Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

105.    The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

106.    The conduct of DEFENDANTS, including COMPANY, and its agents/employees as described herein was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for PLAINTIFF'S rights against discrimination. Consequently, PLAINTIFF is entitled to punitive and exemplary damages.

107.    PLAINTIFF has incurred and continues to incur legal expenses and attorney fees. PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known. Pursuant to Government Code §12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

- 13 -

### SEVENTH CAUSE OF ACTION
(Failure to Provide Meal Periods or Compensation in Lieu Thereof)
**Against ALL DEFENDANTS**

108.     PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

109.     At all relevant times. PLAINTIFF was an employee of DEFENDANTS covered by Labor Code §§ 226.7 and 512 and WC Wage Order 9-2001.

110.     *California Labor Code Section* 226.7 provides as follows:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period or rest period is not provided.

111.     *California Labor Code Section* 512(a) provides as follows:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked in no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

112.     California Labor Code Section 226.7 requires an employer to pay an additional hour of compensation for each meal period that the employer prevents an employee from taking. DEFENDANTS failed to provide or allow PLAINTIFF with timely meal breaks of not less than thirty (30) minutes, and failed to pay them the additional pay at their regular rate of compensation for each workday in lieu of providing off-duty meal period(s), as required by the Labor Code during the relevant statutory period.

113.     Additionally, Section 10 of California Wage Order No. 9-2001 provides, in relevant part, that "no employer shall employ any person for a work period of more than five (5)

- 14 -

hours without a meal period of not less than (30) minutes…." Moreover, Cal. Labor Code § 512(a) maintains "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes […] An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes…"

114. As a result of DEFENDANTS' failure to comply with their obligations under California Labor Code sections 226.7 and 512 and Wage Order 9-2001, PLAINTIFF has suffered damages in an amount subject to proof, due to DEFENDANTS' failure to provide meal periods as required by the law.

115. Further, to the extent any breaks were provided, they were subject to DEFENDANTS' joint control and being called upon to return to duty, and thus not relieved of all duties for a full uninterrupted 30-minute time period.

116. In the past four years, Plaintiff regularly worked five days per week, approximately 12 hours per day. One or more of her meal periods was non-compliant on 1,040 days. At $25/hour per violation, that is $26,000.00 of meal period violations.

117. Pursuant to California Labor Code section 218, PLAINTIFF is entitled to recover the full amount of her unpaid additional pay for DEFENDANTS' failure to provide statutory meal periods as required by law. Pursuant to California Labor Code section 218.6, PLAINTIFF is entitled to recover prejudgment interest on the amount of the additional pay owed.

### EIGHTH CAUSE OF ACTION
**(Failure to Provide Rest Periods or Compensation in Lieu Thereof)**
**(Cal. Lab. Code § 226.7 And Wage Order 9-2001 § 11)**
**Against ALL DEFENDANTS**

118. PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

119. The California Labor Code allows plaintiffs to hold individuals acting on behalf of their employers to be personally liable if they are responsible for policies and procedures that violate the Labor Code.

- 15 -

120.    California Labor Code section 226.7 requires an employer to pay an additional hour of compensation for each rest period that the employer fails to provide. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours or fraction thereof worked. PLAINTIFF, as well as all other similarly situated employees, were not provided with their legally mandated rest breaks. PLAINTIFF consistently worked over four (4) hours per shift with no rest breaks during the relevant statutory period. PLAINTIFF is informed and believes, and thereupon alleges that she was prohibited and/or prevented from taking her legally required rest breaks.

121.    In the past four years, Plaintiff regularly worked five days per week, approximately 12 hours per day. One or more of her rest periods was non-compliant on 1,040 days. At $25/hour per violation, that is $26,000.00 of rest period violations.

122.    Pursuant to California Labor Code Section 226.7, PLAINTIFF is entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial, plus interest and penalties thereon, attorneys' fees and costs, pursuant to California Labor Code Sections 218.5 and 218.6.

**NINTH CAUSE OF ACTION**
**(Failure to Pay Wages)**
**Against All DEFENDANTS**

123.    PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

124.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

125.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

126.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

127.    Labor Code §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, any statute or provision regulating hours and days of work in any

- 16 -

order of the Industrial Welfare Commission pay a civil penalty in the amount of $50.00 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100.00 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

128. In addition to the unpaid wages, Plaintiff is entitled to civil penalties in this amount stated above based upon Defendants' underpayment of minimum and overtime wages. Within the one year immediately preceding the filing of this Complaint, Defendants, and each of them, violated Labor Code §558 on 26 pay periods, the first of which Defendants are penalized $50.00, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §558 penalties of $2,550.00.

## TENTH CAUSE OF ACTION
### (Failure to Pay Minimum Wages)
### Against All DEFENDANTS

96. PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

97. Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage. Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

98. Defendants failed to pay Plaintiff the requisite minimum wage in each of the following ways in the four years immediately preceding the filing of this complaint:

99. Throughout her employment, Plaintiff was regularly required to work "off the clock." Specifically, she was required to continue working after she "clocked out" of her 12-hour shift. Accordingly, throughout Plaintiff's employment she worked approximately 4 hours per week that would have been overtime hours for no money at all, not minimum wage nor overtime premiums. Thus Plaintiff worked a total of 832 hours "off the clock" in the last four years.

100.    For these 832 hours, Plaintiff was paid no money at all, not minimum wage, nor overtime premiums.

101.    Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid (which was none) and applicable minimum wage, including interest thereon.

102.    For the entirety of the time periods set forth above, Plaintiff is owed unpaid minimum wages in the amount of $15.50 x 832 = $12,896.00.

103.    Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

104.    In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $12,896.00 plus interest thereon.

### ELEVENTH CAUSE OF ACTION
#### (Failure to Pay Overtime Wages)
#### Against All DEFENDANTS

96.    PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

97.    Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

98.    At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

99. At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

100. Throughout her employment, Plaintiff was regularly required to work "off the clock." Specifically, she was required to continue working after she "clocked out" of her 12-hour shift.

101. In the four years last past, Plaintiff worked 4 hours of overtime each week, all of which should have been paid at 1.5 times Plaintiff's regularly hour wage rate at that time. Defendants failed to pay Plaintiff the requisite overtime wages for 832 hours in the last four years.

102. Accordingly, throughout Plaintiff's employment she worked approximately 4 hours per week that would have been overtime hours for no money at all, not minimum wage nor overtime premiums. Thus, Plaintiff worked a total of 832 hours "off the clock" in the last four years.

103. For these 832 hours, Plaintiff was paid no money at all, not minimum wage, nor overtime premiums.

104. For the entirety of the time periods set forth above, Plaintiff is owed her overtime premium ($25 x 1.5, or $27.5/hour) less the minimum wages already claimed in the preceding cause of action. $37.5 x 832 hours = $31,200, less the $12,896.00 previously claimed = $18,304.00.

105. As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

106. Thus, for the entirety of the time periods set forth above, Plaintiff is owed overtime wages of $18,304.00, above and beyond the minimum wages sought in the preceding cause of action for these same hours.

107. Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## TWELFTH CAUSE OF ACTION

- 19 -

DILFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

(Waiting Time Penalties)
**Against All DEFENDANTS**

108.    PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

109.    PLAINTIFF is informed and believes, and thereupon alleges, that at all relevant times, DEFENDANT COMPANY was PLAINTIFF'S employer, and owner and/or managing agent of PLAINTIFF'S place of work as defined under California Labor Code § 558.1.

110.    At all relevant times, DEFENDANTS failed to pay all of the PLAINTIFF'S accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required.  These wages refer to, at a minimum, rest period compensation that DEFENDANTS should have paid, but did not pay to PLAINTIFF during the term of PLAINTIFF'S employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

111.    As alleged herein, PLAINTIFF is not exempt from the requirements of Labor Code §§201-203.

112.    As a direct and proximate result of DEFENDANTS' willful failure to pay these wages, PLAINTIFF is entitled to payment of PLAINTIFF'S rest periods as previously pleaded herein, and more than $6,000.00 in wait time penalties, calculated based on 30 days of PLAINTIFF'S daily wage rate of $200.00, inclusive of overtime.

113.    Based on DEFENDANTS' conduct as alleged herein, DEFENDANTS are liable for $6,000.00 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

### THIRTEENTH CAUSE OF ACTION
**(Unfair Competition Pursuant to Business and Professions Code 17200 et seq.)**
**Against ALL DEFENDANTS**

85.    PLAINTIFF re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

86.    PLAINTIFF, on her behalf, brings this claim pursuant to Business & Professions Code §17200 et seq.  The conduct of DEFENDANTS as alleged in this Complaint has been and

- 20 -

continues to be unfair, unlawful, and harmful to PLAINTIFF and the general public.

PLAINTIFF seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

87.     PLAINTIFF is a "person who has suffered injury in fact and [has] lost money or property as a result of such unfair competition" within the meaning of Business & Professions Code §17204, in that they have been deprived of overtime wages and proper meal period wages, and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

88.     Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

89.     Overtime wage and hour laws express fundamental public policies.  Providing employees overtime wages and meal and/or rest breaks are also a fundamental public policy of this State and of the United States.  Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards, including the failing to properly compensate employees and/or provide them with the required meal and rest periods.

90.     DEFENDANTS, beginning at an exact date unknown to PLAINTIFF, but at least since the date four years prior to the filing of this suit, have committed acts of unfair competition as defined by the Unfair Business Practice Act and have violated statutes of public policies. Through the conduct alleged in this Complaint, DEFENDANTS have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200 et seq., depriving PLAINTIFF, and all interested persons, of rights, benefits, and privileges guaranteed to all employees under law.

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW

91.     DEFENDANTS' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 of the Business & Professions Code, in that at a minimum DEFENDANTS have violated Labor Code sections 201-203, 226, 226.7, 351, 510, 512, 1198, 2802, as well as IWC Wage Orders pertaining to overtime pay and meal periods.

92.     DEFENDANTS, by engaging in the conduct herein alleged, including but not limited to not paying all wages due, and by not providing proper meal and rest breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of section 17200 et seq. of the Business & Professions Code.

93.     Unless restrained by this Court, DEFENDANTS will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code section 17200 et seq., this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by DEFENDANTS, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to restitution which may be necessary to restore PLAINTIFF and other similarly situated employees the money DEFENDANTS have unlawfully failed to pay.

94.     PLAINTIFF'S success in this action will enforce important rights affecting the public interest and, in that regard, PLAINTIFF sues on behalf of the general public as well as herself and others similarly situated. PLAINTIFF is entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing to her.

95.     PLAINTIFF herein takes upon herself, the enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action. As the action is seeking to vindicate a public right, it would be against the interests of justice to penalize PLAINTIFF by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

**FOURTEENTH CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy)**
**Against ALL DEFENDANTS**

- 22 -

114.    PLAINTIFF, re-alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs of this Complaint.

115.    The COMPANY'S termination of PLAINTIFF violates public policy as outlined in California Government Code section 12940 et. seq., which prohibits discriminatory practices in the workplace based on age, disability, medical condition, or request for accommodation, including taking a medical leave on the basis of their disability/medical condition.

116.    At all times mentioned in this Complaint, it was a fundamental policy of the State of California that DEFENDANTS shall not discriminate and/or retaliate against any employee on the basis of age, disability, medical condition, real or perceived, use of medical leave and/or engagement in a protected activity.

117.    At all times mentioned in this Complaint, it was a fundamental policy of the State of California that DEFENDANTS shall not discriminate and/or retaliate against any employee on the basis of use of or request of CFRA leave.

118.    PLAINTIFF is informed and believes, and based thereupon alleges, that PLAINTIFF'S use of CFRA leave and/or PLAINTIFF'S status as a protected member of the class under FEHA was a proximate cause in PLAINTIFF'S damages as stated below.

119.    Moreover, the COMPANY engaged in a pattern and practice of discriminating, retaliating, and/or otherwise terminating employees for illegal and prohibitive reasons in violation of the law, including but not limited to the Fair Employment and Housing Act, and CFRA.

120.    A substantial factor in the COMPANY'S termination of the PLAINTIFF was that the PLAINTIFF was exercising or attempting to exercise her legal rights.

121.    As a direct and proximate result of the COMPANY'S unlawful conduct as described in this Complaint, PLAINTIFF has sustained and sustain damages in an amount within the jurisdiction of this Court, the exact amount to be proven at trial.

- 23 -

**COMPLAINT FOR DAMAGES**

122.    Further, because the wrongful acts against PLAINTIFF were carried out, authorized or ratified by the COMPANY'S directors, officers and/or managing agents, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to PLAINTIFF, as reflected by the actions as described herein, PLAINTIFF seeks punitive damages against the COMPANY in order to deter it from such similar conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1.   For compensatory damages including lost wages and benefits according to proof, but believed to be in excess of $500,000.00;

2.   For mental and emotional distress damages according to proof, but believed to be in excess of $500,000.00;

3.   For unpaid wages, including but not limited to, overtime, meal and rest period wages, according to proof;

4.   For payment of rest period compensation in the amount of $26,000.00 plus interest;

5.   For payment of meal period compensation in the amount of $26,000.00 plus interest;

6.   For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 9-2001, in the amount of no less than $12,896.00;

7.   For liquidated damages pursuant to Labor Code §1194.2 in the amount of $12,896.00, plus interest;

8.   For payment of unpaid overtime compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations §11**0, in the amount of no less than $18,304.00;

- 24 -

COMPLAINT FOR DAMAGES

9. For statutory penalties or damages pursuant to Labor Code §558 in the amount of no less than $2,550.00;

10. For compensatory damages in the amount of PLAINTIFF'S hourly wage for each rest period missed as may be proven;

11. For civil penalties as provided by statute;

12. For punitive and exemplary damages according to proof;

13. For restitution for unfair competition pursuant to Business & Professions Code §17200 et seq., in an amount, as may be proven;

14. For declaratory judgment that DEFENDANTS have violated California Business and Professions Code §§ 17200 et seq, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting workers and discouraging work without adequate compensation, including overtime compensation and meal periods;

15. For penalties pursuant to Labor Code §§ 226 and 1198.5, among others;

16. For declaratory judgment that DEFENDANTS have violated California public policy protecting workers and prohibiting adverse employment actions including retaliation and termination on the basis of a disability;

17. For prejudgment interest an all amounts claimed;

18. An award providing for payment of costs of suit;

19. For an award of attorneys' fees under all applicable statutes, including but not limited to the California Labor Code, the California Government Code, and/or other applicable law;

20. For declaratory and injunctive relief, including but not limited to an order that DEFENDANTS cease engaging in unlawful discriminatory and retaliatory conduct;

21. For such other and further relief as the Court deems just and proper; and

22. **PLAINTIFF further requests a trial by jury on all issues so triable.**

- 25 -

1    Dated:    December 5, 2023,                          Respectfully submitted,

2                                                    DIEFER LAW GROUP, P.C.

3
                                          By:    _____
4                                                     Marcelo A. Dieguez, Esq.
                                                    Melissa Newman Avila, Esq.
5                                                     Omri A. Ben-Ari, Esq.
                                                 Attorneys for PLAINTIFF SHERRIE
6                                                             HARRIS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DIEFER LAW
GROUP, P.C.
ATTORNEYS AT LAW              **COMPLAINT FOR DAMAGES**

EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                             KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 28, 2023

Melissa Avila
34204 Pacific Coast Highway
Dana Point, CA 92629

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202311-22787429
        Right to Sue: Harris / J.B. HUNT TRANSPORT, INC. et al.

Dear Melissa Avila:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 28, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202311-22787429
Right to Sue: Harris / J.B. HUNT TRANSPORT, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 28, 2023

Sherrie Harris

'

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202311-22787429
Right to Sue: Harris / J.B. HUNT TRANSPORT, INC. et al.

Dear Sherrie Harris:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective November 28, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Sherrie Harris                                          CRD No. 202311-22787429

                                        Complainant,

vs.

J.B. HUNT TRANSPORT, INC.
,

J.B. HUNT TRANSPORT, LLC
,

                                        Respondents

---

1. Respondent **J.B. HUNT TRANSPORT, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **J.B. HUNT TRANSPORT, LLC** business as Co-Respondent(s).

3. Complainant **Sherrie Harris**, resides in the City of , State of .

4. Complainant alleges that on or about **October 25, 2023**, respondent took the following adverse actions:

Complainant was harassed because of complainant's medical condition (cancer or genetic characteristic), age (40 and over).

Complainant was discriminated against because of complainant's medical condition (cancer or genetic characteristic), age (40 and over), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

-1-
*Complaint – CRD No. 202311-22787429*

Date Filed: November 28, 2023

CRD-ENF 80 RS (Revised 12/22)

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** On or about October 18, 2018, SHERRIE HARRIS was hired by J.B. HUNT TRANSPORT, INC. and J.B. HUNT TRANSPORT, LLC (hereinafter, collectively, "J.B. HUNT") as a Commercial Driver, and she worked dutifully as a full-time, non-exempt employee, approximately 60 hours per week, until she was wrongfully terminated on October 25, 2023, while she was out on medical leave to treat her colon cancer. Sherrie Harris was a loyal and exceptional employee and received her "Five Year Anniversary" award shortly before her employment was terminated; she had previously earned multiple safety performance and achievement awards.
SHERRIE HARRIS was 59 years old at the time of her wrongful termination.
Sherrie Harris's supervisors and managers were in their 30s, and preferred younger workers.
Sherrie Harris is informed and believes she was replaced by a younger worker who did not have cancer.
On or around February 14, 2023, SHERRIE HARRIS was diagnosed with colon cancer, which is a medical condition under the California FEHA. Thereafter, Sherrie Harris notified J.B. HUNT of her medical condition.
In or around March 2023, as an accommodation for her medical condition, Sherrie Harris requested from J.B. HUNT medical leave for her treatment plan of surgery and chemotherapy that was expected to take approximately one year.
Around March 2023, Sherrie Harris requested CFRA.
Sherrie Harris went out for her first surgery on or around April 2, 2023, and expected to begin her yearlong treatment plan.
On October 25, 2023, Sherrie Harris was terminated while in the middle of cancer treatment and six months into her yearlong leave.
J.B. HUNT could have kept her employed longer without it being an undue burden as they employed over 400 others in the San Bernardino are alone.
Instead, Company utterly failed to engage in the good faith interactive process, failed to accommodate Sherrie Harris's request for medical leave, and wrongfully terminated her employment only six months into her one-year medical leave out of discrimination, retaliation, and failure to prevent both.
Due to her wrongful termination, Sherrie Harris lost her medical coverage in the midst of treatment, when she needed it most.
SHERRIE HARRIS'S termination was substantially motivated by SHERRIE HARRIS'S disability, and/or engagement in protected activities, including requesting protected medical leave, protected CFRA leave, and/or engagement in protected activities. COMPANY is large

-2-

Date Filed: November 28, 2023

CRD-ENF 80 RS (Revised 12/22)

1  and could have easily accommodated SHERRIE HARRIS'S request for medical leave but
   failed to do so due to discrimination and retaliation.
2  J.B. HUNT failed to engage in the interactive process and failed to prevent retaliation and
   wrongful termination against SHERRIE HARRIS due to her engagement in protected
3  activities.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                          -3-
27
   Date Filed: November 28, 2023
28
                                                      CRD-ENF 80 RS (Revised 12/22)

1   VERIFICATION

2   I, **Melissa Avila**, am the **Attorney** in the above-entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof.  The matters alleged are based
    on information and belief, which I believe to be true.

4
    On November 28, 2023, I declare under penalty of perjury under the laws of the State
5   of California that the foregoing is true and correct.

6                                                                   **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -4-
                           *Complaint – CRD No. 202311-22787429*
27
    Date Filed: November 28, 2023
28

                                                          CRD-ENF 80 RS (Revised 12/22)